ZEHMER, Judge.
This is an appeal and cross-appeal from a worker’s compensation order awarding claimant attendant care services in the amount of $100.00 per week, ordering an evaluation of his housing and transportation needs to be submitted within 60 days of the order,[1] and awarding claimant’s attorney a reasonable attorney’s fee.
Claimant, Terry Loomis, an employee of Bernard and Berk Industrial Services, Inc., fell while working on a turbine generator on December 12, 1984. As a result, he underwent surgery to his lower back and, several years later, to the thoracic area. Permanent total disability was being paid at the time of the hearing. The employer and carrier paid for claimant’s attendant care for approximately one year at the rate of $175.00 per week.
Claimant first contends that the judge erred in denying his claim for live-in attendant care and awarding only $100 per week for such care. The record before us reveals that the competent medical evidence indicates claimant requires at least four hours per day in attendant care services. There is no medical testimony to a lesser need. The record also indicates that in the Tampa Bay area this care costs from $10.00 to $12.00 per hour. At this rate, the minimum attendant care benefits to which claimant was entitled amounted to between $280 and $336 per week. We reverse the award for $100 per week because it is not supported by any competent substantial evidence, and remand for reconsideration and entry of an award consistent with the evidence.
Claimant next argues that the denial of rehabilitation services and specialized housing and other equipment was error. The judge expressly ordered that the employer and carrier, “within 60 days of the date of the Order, submit an evaluation of the housing and transportation needs of the claimant.” In view of this directive, we conclude that the order denying these claims was entered prematurely because these issues were not ripe for adjudication. The appealed order cannot be treated as a final order as to these claims. Therefore, we reverse as to these claims and remand for further consideration thereof after the evaluation directed by the judge has been completed and presented at a further hearing.
The employer and carrier, on cross-appeal, argue that the judge erred in making any award of attendant care services until the claimant’s housing situation was resolved. For the reasons noted above showing a present need for attendant care, we find this issue without merit and affirm.
Cross-appellants also complain that this was a claim for medical benefits only and the award of attorney’s fees on that basis was error. Appellant concedes error and *126 agrees that a fee is not due pursuant to section 440.34(3)(a), Florida Statutes, but urges that the cause should be remanded for a determination of the entitlement to and amount of a fee under other provisions of the statute. We agree that the award must be vacated and the attorney’s fee issue remanded for further consideration.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ERVIN and NIMMONS, JJ., concur.

. The order issued on January 18, 1989.